^ Scott, J.
In 1839, Mitchell and Robison, of whom the defendant in error is the survivor, recovered a judgment' against one Peppard, before Nicholas Smith, a justice of the peace of Franklin township in Wayne county, upon which Moore, the. plaintiff in error, became docket bail for stay of execution.
On a certified transcript of this judgment, Mitchell and Robison, in March, 1848, instituted proceedings by scire facias against Moore, before James Swartz, then a justice of the peace of the township. Due service .of the writ was made upon Moore, and he failing to appear, judgment was rendered against him by default for the amount of the original, judgment against Peppard with interest and costs, although the transcript from the docket of Justice Smith did not show that any execution had ever issued against Peppard, the original judgment debtor.
In July, 1854, the present defendant in error brought suit on this ' latter judgment against Moore before another justice of the peace of the same township, from whose judgment in the premises an appeal was taken to the court of common pleas.
*305 The plaintiff in error, who was defendant in that court, in answer to the petition, set up as a ground of defense in substance, that no execution had ever been issued on the judgment against Peppard, and that the judgment rendered against the plaintiff in error, by Justice Swartz, which constituted the plaintiff’s cause of action, was therefore wholly void. The defense was demurred to, and the court sustained the demurrer, and rendered judgment for the defendant in error.
The district court, upon petition in error, affirmed this judgment, and the question now presented is, was this judgment of affirmance erroneous ?
If the facts relied upon by the defendant in the court below, *as a ground of defense to the plaintiff’s action, show that [305 the judgment of Justice Swartz, upon which suit was brought, was wholly void, then they constitute a good defense, otherwise not. To render judgment against a defendant before a right of action has accrued to the plaintiff, is certainly error, for which the judgment might well bo reversed. But if rendered by a court having j urisdiction of the subject-matter of the action and the person of the defendant, it can not be treated as a nullity. Until vacated by appeal, or reversed by a court having the proper appellate jurisdiction, in a proceeding for that direct purpose, it binds the parties, and can not be collaterally questioned. This is clear upon principle, and well settled by authority. Weyer v. Zane, 3 Ohio, 306; Adams’ Lessee v. Jeffries, 12 Ohio, 272; Douglass v. Massie, 16 Ohio, 272; Aubrey v. Almy, 4 Ohio St. 525; Wright, 348, 349.
Our inquiries are then directed to a single point, the jurisdiction of Justice Swartz in the premises.
Had he jurisdiction of the subject-matter of the action? The matter in controversy between the parties was the liability of the defendant as bail for stay of execution upon the judgment which the plaintiff had recovered against Peppard.
If the law give the justice power to hear and determine such controversy, then it gave him jurisdiction of the subject-matter, and this jurisdiction would not be ousted by the erroneous exercise of the power which it conferred; and such power we think was clearly conferred by statutes then in force. See Swan’s Statutes of 1841, pp. 516, 517, sections 69-71, etc., where the remedy in such case by scire facias is plainly given.
The sixty-ninth section of the act referred to reads thus: “ And *306, 307 306]' when bail has been given for the stay of execution *as aforesaid, and the period of stay has expired, execution shall in the first instance be awarded against the goods and chattels of the party against whom judgment was rendered ; and if goods and chattels of the party can not be found sufficient to satisfy the execution, and that fact be returned by the constable, the justice shall, unless otherwise directed by the party for whom execution issued, or his agent, proceed by writ of scire facias against the bail.”
Now, it is not denied that the justice would have had jurisdiction of the subject-matter if the liability of the defendant had been previously fixed by the issuing and return of an execution against Peppard. But the jurisdiction of the court does not depend on the merits of the case.. The power judicially to hear the proofs and allegations of the parties must exist in order to ascertain and determine their rights. Were it otherwise, the whole proceeding would be coram non'judice and void, unless the facts of the case wore such as to require judgment to be rendered for the plaintiff.
That jurisdiction of the person of the defendant was obtained by due service of proper process, is shown by the record, and we believe is not questioned. ,
The justice who rendered the judgment upon which suit was brought in the court below having therefore had jurisdiction of the parties and the subject-matter of the action, his judgment, however erroneous, is not void.

Judgment affirmed.

Bartley, O. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.